UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WAYNE McNEELY,

    Plaintiff,                                   Case No. 13-13790
                                                    Honorable Denise Page Hood

v.

RONALD COURTLEY, et al.,

    Defendants.
_____/

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT AND ORDER**

       This matter is before the Court on Plaintiff Jerry Wayne McNeely's Motion to Set Aside Judgment and Order Granting Defendant's Motion to Dismiss and to Enter Judgment and Order Granting Plaintiff's Complaint filed March 14, 2014. On February 28, 2014, the Court entered Judgment and Order Granting Defendants' Motion to Dismiss after a hearing was held on the matter on January 21, 2014 and Plaintiff was able to present arguments at the hearing.

       An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening

change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.

*Haines v. Kerner*, 404 U.S. 519 (1972). However, courts have refused to excuse *pro se* litigants from failing to follow basic procedural requirements such as filing deadlines. Nor do the courts grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

The Court finds that Plaintiff's motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Plaintiff has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Plaintiff has not shown the Court clearly erred in ruling that Plaintiff's Complaint was not filed within the appropriate statute of limitations.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Set Aside Judgment and Order Granting Defendant's Motion to Dismiss and to Enter Judgment and Order Granting Plaintiff's Complaint **(Doc. No. 10, filed March 14, 2014)** is DENIED.

                                        s/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: May 27, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2014, by electronic and/or ordinary mail.

                         s/LaShawn R. Saulsberry
                         Case Manager